## THE KING vs. MAKAMAKA

EXCEPTIONS FROM FOURTH JUDICIAL CIRCUIT.

OCTOBER TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The defendant was convicted of forgery.

The Court was requested to instruct the jury that "To rebut the presumption of innocence through ignorance, guilty knowledge must be shown by some act or acts of the defendant."

The Court held that there is no presumption of innocence through ignorance, and declined to give the instruction.

Held, that such refusal was correct.

The Court was also requested to instruct the jury that "The jury must be satisfied that the defendant was a principal in the forgery, in order to convict."

The Court gave the instruction, but added, "But if he being present, aided, incited, countenanced or encouraged the act of forgery, the law deems him a principal."

Held, that such addition was not error.

To support an application for a new trial on the ground of newly discovered evidence, an affidavit by the witnesses, whom it is proposed to produce, must be obtained.

OPINION OF THE COURT, BY BICKERTON, J.

This matter comes here on a bill of exceptions from the Fourth Judicial Circuit Court, at the August Term, 1888. The first exception is to the overruling of a motion at the close of the case for the prosecution, "That the Court instruct the jury to acquit the defendant on the ground that there is not sufficient evidence to require the defendant to be put on his defense, because that there is no evidence tending to show that he knew this was a forgery."

We find that there was considerable evidence to connect defendant with the transaction, more particularly his going to the

wharf and receiving the goods that were sent on the forged letter, and his conduct then, in his statement in regard to the goods being his and *vice versa.* This exception is overruled.

The next exception is to the refusal of the Court to give Instruction No. 2. to the jury, viz : "To rebut the presumption of innocence through ignorance, guilty knowledge on the part of the defendant must be shown by some act or acts of the defendant." The Court held that there is no presumption of innocence through ignorance. We hold that the Court was right in refusing to give this instruction as asked for; as regards guilty knowledge on the part of defendant, the jury had the evidence of defendant, as to his acts, which clearly show guilty knowledge. This exception is overruled.

In the fourth instruction asked for, viz : "The jury must be satisfied that the defendant, Makamaka, was a principal in this forgery, in order to convict." The Court modified by adding : "But if he, being present, aided, incited, countenanced, or encouraged the act of forgery, the law deems him a principal."

We hold that the Court could not have given the instruction asked for without this modification, which is from our statute.

At the close of the case the defendant, by his counsel, excepted to the verdict of the jury, as being contrary to the law and the evidence, and gave notice of motion for a new trial.

The motion for a new trial is on the ground of newly discovered evidence. And an affidavit of Makamaka, defendant, is filed in support of the motion, to the effect that he has heard since the trial of his case, that the other defendant, Paulo Puniai (who was convicted at same trial with Makamaka), had admitted to several persons, Kalei and another (whose name is unknown to defendant), now resident in Waimea, Kauai, that he committed the alleged forgery, that he did not let Makamaka know what he was doing, and that he has reason to believe that Makamaka did not know what he was doing. That prior to and during the trial of his said case, he was not aware that said Puniai had made such statements, that he had used due diligence to discover the same. And that he has learned since

said trial that said Puniai acknowledged to persons in Nawili-wili, that he wrote said forged orders, and gave them to this deponent; further, that Puniai has admitted that he sent defendant to get the box of soap. Said admissions being since the trial of said case, etc.

This is not the affidavit or affidavits of the newly discovered witnesses, but is simply the affidavit of defendant, Makamaka, as to what he has heard. A motion for a new trial, based on newly discovered evidence, should be supported by the affidavits of the witnesses themselves, whom it is proposed to produce, unless good reason is shown why same cannot be produced. The Attorney-General opposes the motion on the ground that the newly discovered evidence, coming from defendant, Puniai, would not be admissible. We certainly cannot see how this evidence could avail defendant, Makamaka, even if it was admissible, in the face of the evidence of Puniai and of defendant himself, wherein he says: "Know these letters; Puniai wrote it in our house at Waimea, he told me to take it to post-office. It was addressed to Waterhouse. He told me things would come down in S. Pohaku's name. He told me to bring anything marked S. Pohaku, as it belonged to him, Puniai. I went and got the box marked S. Pohaku. Puniai told me to conceal him. I saw it (the forged letter) was signed F. Gay. I posted it. Saw Puniai write a letter and leave it (the copy found in defendant's house) and write another. He wrote the signature of F. Gay rapidly. I knew it was F. Gay's name; know that was the letter I took to post-office."

Puniai in his evidence denies all knowledge of the whole transaction.

We hold that the verdict of the jury must stand.

The exceptions and motion for a new trial are overruled.

*A. P. Peterson* (Deputy Attorney-General), for the Crown.

*A. Rosa*, for defendant.